UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heather Snyder, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br><br><br><br>　　-v.-<br><br>Radius Global Solutions LLC,<br><br>　　　　　　　　　Defendant(s). | Civil Action No: 7:22-cv-11009<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Heather Snyder (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against the Defendant Radius Global Solutions LLC (hereinafter, "Defendant" or "Radius Global"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.　　Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process at care of C T Corporation System, 28 Liberty Street, New York, New York, 10005.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant sent an initial collection letter attempting to collect a consumer debt;

   c. without accurately taking into account the payment(s) made since chargeoff when informing the consumer concerning the status of the statute of limitations; and

   d. wherein the letter sets forth additional conflicting information concerning the statute of limitations as follows:

      1. "Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired."

      2. … if you make a payment on a debt, admit to owing a debt, or promise to pay a debt, the time period in which the debt is enforceable in court may start again;"

      3. "However, your creditor or debt collector believes that restarting the time period on this debt is prohibited by law, and whether or not you acknowledge, promise to pay, or make a payment on this debt, your creditor or debt collector will NOT sue you to collect this debt;" and

        4. "If you waive the statute of limitations on a debt, the time period in which the debt is enforceable in court may start again."

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e and 1692g et seq.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to October 21, 2022, on a date better known by Defendant, an obligation was allegedly incurred to TD Bank USA NA (hereinafter "TD").

21. The TD obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were exchanged primarily for personal, family or household purposes, specifically personal credit at Nordstroms.

22. The alleged TD obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. TD is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24. TD contracted with the Defendant to collect the alleged debt. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – October 21, 2022 Collection Letter*

26. On or about October 21, 2022 Defendant sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to TD. (See Exhibit A.)

27. The Letter states a balance as of chargeoff on November 24, 2019 for $12,376.73.

28. However, the Letter also sets forth that payment(s) was made since November 24, 2019 in the amount of $450.00.

29. Upon information and belief, the payment made since November 24, 2019 means that the debt was still legally enforceable as of the date of the Letter, but the Letter misled the Plaintiff to the contrary.

30. Additionally, the Letter sets forth more conflicting information concerning the statute of limitations as follows:

> 1. "Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired."
>
> 2. … if you make a payment on a debt, admit to owing a debt, or promise to pay a debt, the time period in which the debt is enforceable in court may start again;"
>
> 3. "However, your creditor or debt collector believes that restarting the time period on this debt is prohibited by law, and whether or not you

>  > acknowledge, promise to pay, or make a payment on this debt, your creditor or debt collector will NOT sue you to collect this debt;" and
>  > 4. "If you waive the statute of limitations on a debt, the time period in which the debt is enforceable in court may start again."

31. Morever, in addition to being inherently contradictory, the collection Letter fails to explain whether the debt is subject to sale to a new creditor and/or assignment to a new debt collector that can sue if the Plaintiff acknowledges, promises to pay or makes a payment on the debt.

32. Thus, the statute of limitations is not adequately explained and results in at least five (5) different reasonable interpretations, at least one of which is inaccurate.

33. First, if payment, admission or promise to pay is made, the legal time period to enforce the debt in court may be restarted.

34. Second, restarting the time period to enforce the debt in court is illegal.

35. Third, even if restarting the time period to enforce the debt is legal, Defendant and TD promise not to sue.

36. Fourth, Defendant and TD promise not to sue, but no promises concerning resale or reassignment of the debt.

37. Fifth, if anyone other than Defendant and TD acquire rights to the debt after waiver of the statute of limitations, the time period in which the debt is enforceable in court may start again and you may be sued.

38. By providing contradictory information concerning the statute of limitations, and at least five (5) possible interpretations of the information, the Letter is false, deceptive and misleading.

39. Plaintiff was misled as to whether she could be sued over the debt or not.

40. Plaintiff was misled as to whether the debt was valid or not.

41. Plaintiff was misled concerning the legal status of the debt.

42. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

43. Defendant misled the Plaintiff concerning whether she could be sued on the debt following payment, acknowledgment or promise to pay.

44. Defendant's actions were false, deceptive, unfair, and/or misleading.

45. Plaintiff was concerned and left uncertain by the Letter.

46. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

47. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the information stated in the Defendant's Letter is incorrect.

48. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

49. Because of this, Plaintiff expended time and money in determining the proper course of action.

50. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

51. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff was misled concerning whether the debt was legally enforceable.

52. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, was detrimental to the Plaintiff because of the Defendant's continued negative credit informational furnishment, and ultimate dissemination to third parties, which caused the Plaintiff reputational and financial harm.

53. In addition, Plaintiff's reliance on the Letter caused the Plaintiff emotional harm in the form of stress, with physical harm manifesting in the form of increased heartrate.

54. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

55. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

56. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

57. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

58. Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

59. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

60. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

61. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

62. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

63. Plaintiff was misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

64. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. Defendants violated §1692e :

    a. As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate;

    b. The Letter provides a false representation of the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

    c. By making a false and misleading representation in violation of §1692e(10).

69. By reason thereof, Defendant is liable to the Plaintiff for judgment in that its conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g et seq.**

70. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

72. Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt, without overshadowing same.

73. Defendant violated §1692g(a)(1):

   a. As the amount of the debt is overshadowed in the Letter by the itemized payment that renders the statute of limitations disclosure inaccurate.

74. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Heather Snyder, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Robert Yusko, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:   December 31, 2022

Respectfully submitted,

**Stein Saks, PLLC**

/s/ Robert Yusko
By: Robert Yusko, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ryusko@steinsakslegal.com

*Attorneys for Plaintiff*